| | | |
|---|---|---|
| STATE OF INDIANA ) | | ELKHART SUPERIOR COURT 1 |
| ELKHART COUNTY ) | | 20D01-1903-CT-_____ |

SAM STAMEY,  )
                                  )
       Plaintiff,  )
vs.  )
                                  )
FOREST RIVER, INC.,  )
                                  )
       Defendant.  )

## **PLAINTIFF'S COMPLAINT and JURY DEMAND**

Plaintiff Sam Stamey brings this cause of action pursuant to the Civil Rights Act of 1964, Title VII, 42 U.S.C 2000e-5(f) and pursuant to the Age Discrimination in Employment Act, 29 U.S.C. 626(c)(1) against Defendant Forest River, Inc. to redress discriminatory acts by the Defendant with respect to his employment.

1). Stamey resides and is domiciled in Elkhart County, Indiana. He was employed by Forest River beginning in October 2007 and ending on August 10, 2018 when Forest River constructively discharged him.

2). Stamey filed timely *Charges of Discrimination* with the Equal Employment Opportunity Commission alleging discrimination on the basis of age, sex and retaliation. The EEOC eventually issued its *Notices Of Right To Sue*. This action has been timely commenced pursuant to all applicable deadlines.

3). Forest River is a domestic, for profit corporation engaged in the manufacture and sale of recreational vehicles of all types. Its principal place of business is located in Elkhart County, Indiana. Forest River is an employer as defined by 42 U.S.C. 2000e (b) who had in excess of 500 employees for each working day in each of twenty or more calendar weeks

in the current or preceding calendar year. Forest River is engaged in an industry affecting commerce.

4). Stamey is 63 years of age having been born on Februray 17, 1956. Stamey is a single, heterosexual male.

5). On June 8, 2018, Stamey filed with the EEOC his first Charge of Discrimination against Forest River in which he alleged as follows:

Mr. Stamey, who is presently 62 years 4 months of age, has been employed by Forest River since October 2007. He works in the Forest River's cargo trailer plant #16 located on Phillips Street in Elkhart, Indiana where he installs rough wiring. For the past 2 years, co-workers have insulted, taunted, and tormented Mr. Stamey on account of his age and on account of sex in violation of the ADEA and Title VII. This harassment, both verbal and non-verbal, has created a hostile work environment for him. Mr. Stamey has complained about the harassment to Forest River's management, including its Human Resources manager Wendy Tubicsak, but no remedy or resolution has occurred or has even been attempted. In April, 2018, management verbally reprimanded Mr. Stamey for taking his concerns to Ms. Tubicsak.

6). On November 5, 2018, Stamey filed with the EEOC his second Charge of Discrimination against Forest River in which he alleged as follows:

On June 8, 2018, Mr. Stamey filed a Charge of Discrimination against Forest River. See Charge Number 470-2018-03031. Following its filing, Forest River subjected Mr. Stamey to daily verbal harassment, insults, and taunting that made his working conditions intolerable, causing his constructive discharge on August 10, 2018. Forest River retaliated against Mr. Stamey for filing the Charge and constructively discharged him.

7). While employed by Forest River, Stamey worked installing rough electical wiring at Forest River's cargo trailer plant 16. He was an honest, hard working, punctual, and productive employee whose performance met his employer's reasonable expectations.

8). The ADEA makes it unlawful for an employer to discriminate against an employee with respect to his compensation, terms, conditions, and privileges of employment because of such individual's age. An employer is prohibited from retaliating against an employee for

2

making a complaint about age discrimination.   *Gomez-Perez v. Potter*, 533 U.S. 474, 487-489 (2008).

9).    Title VII makes it unlawful for an employer to discriminate against an employee on the basis of sex.    An employer's practice of gender stereotyping falls within Title VII's prohibition against sex discrimination. See recently *Hively v. Ivy Tech Community College of Indiana*, 853 F3d 339  (7th Cir. 2017) *en banc*, citing *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989)(holding that female accountant who was denied partnership because her employer considered her too masculine stated a gender discrimination claim under Title VII).

10).   Beginning in 2016 and continuing until his separation on August 10, 2018, Stamey's co-workers ridiculed and taunted him on account of his advanced age and for failing to fit the mold of what they believed a man should be.  They taunted Stamey with age derogatory insults, both verbal and written, calling him "grandpa" "Walmart greeter" "old bitch" "grandma" and "one foot in the grave."  On other occasions, co-workers berated Stamey for being effeminate and homosexual.  Co-workers hid or disabled his tools; glued his work locker shut; sabotaged his work; and hung signs and wrote graffiti on his work locker, in his work area, and in the men's room, targeting him with gay slurs.

11).    Initially Stamey tried to weather this abuse, hoping that it would abate in frequency and intensity over time, but it did not.  In the six months preceding his resignation, it escalated to a nearly daily ordeal.  The taunting, slights, insults and acts of work sabotage created a hostile work environment for Stamey or at least he had a reasonable, good faith belief that they had done so.

12). Stamey complained about the co-worker harassment to Forest River's management, including its Human Resources manager Wendy Tubicsak; its plant manager, Scott

McDonald; and group leader Michael Brady but no remedy or resolution occurred or was even attempted.   When plant manager Scott McDonald learned that Stamey had expressed his concerns to HR Manager Tubicsak in April, 2018, McDonald angrily berated Stamey, telling him "you shouldn't have gone over my head."   Forest River was deliberately indifferent to the harassment of Stamey and failed to take reasonable steps to eliminate it.

13).   Forest River committed unlawful retaliation against Stamey for engaging in activity protected under Title VII and the ADEA, including expressing his reasonable, good faith belief that he was being subjected to discrimination in the work place on the basis of his age and his sex by making his working conditions so intolerable that he had no other reasonable recourse but to resign his employment.

14).   Forest River acted with malice and or reckless indifference to Stamey's federally protected rights warranting an award of punitive damages;

15).   Stamey has had to retain legal counsel to prosecute this action;

16).   Stamey has sustained damages as a direct and proximate result of Forest River's unlawful discrimination.   His economic damages include wage loss and loss of health insurance coverage.   His non-economic damages include mental and emotional pain and suffering, humiliation, and anxiety.

WHEREFORE,  the Plaintiff requests a judgment against Defendant in an amount to fairly compensate him including damages for back pay; front pay; loss of health insurance; general damages for mental pain and suffering, humiliation, and anxiety; punitive damages; costs; and reasonable attorney's fees.

## JURY DEMAND

Plaintiff Sam Stamey respectfully requests a jury trial as to all issues.

Respectfully submitted,

*/s/ Patrick F. O'Leary*

_____
Patrick F. O'Leary (#10274-20)
Windsor Office Park
3000 Windsor Court, Suite B
Elkhart, IN 46514
574-264-6262

Attorney for Plaintiff