UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SAM STAMEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:19-cv-000250-PPS-MGG |
| | ) |
| FOREST RIVER, INC., | ) |
| | ) |
| Defendant. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

**ANSWER**

Defendant Forest River, Inc., by counsel, states the following for its Answer to the *Complaint and Jury Demand* of Plaintiff Sam Stamey [DE 5] (the "Complaint").

1.  Stamey resides and is domiciled in Elkhart County, Indiana. He was employed by Forest River beginning in October 2007 and ending on August 10, 2018 when Forest River constructively discharged him.

**ANSWER:** Forest River lacks sufficient knowledge or information to form a belief as to the truth of where Stamey resides and is domiciled. Forest River denies the remaining allegations in Paragraph No. 1 of Stamey's Complaint.

2.  Stamey filed timely *Charges of Discrimination* with the Equal Employment Opportunity Commission alleging discrimination on the basis of age, sex and retaliation. The EEOC eventually issued its *Notices Of Right To Sue.* This action has been timely commenced pursuant to all applicable deadlines.

**ANSWER:** Forest River lacks sufficient knowledge or information to form a

belief as to the truth of the allegations in Paragraph No. 2 of Stamey's Complaint.

3.      Forest River is a domestic, for profit corporation engaged in the manufacture and sale of recreational vehicles of all types. Its principal place of business is located in Elkhart County, Indiana.  Forest River is an employer as defined by 42 U.S.C. 2000e(b) who had in excess of 500  employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. Forest River is engaged in an industry affecting commerce.

**ANSWER:**     Forest River admits that it is a domestic, for-profit corporation engaged in the manufacture and sale of recreational vehicles.   Forest River lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph No. 3 of Stamey's Complaint.

4.      Stamey is 63 years of age having been born on February 17, 1956.  Stamey is a single, heterosexual male.

**ANSWER:**     Forest River lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph No. 4 of Stamey's Complaint.

5.      On June 8, 2018, Stamey filed with the EEOC his first Charge of Discrimination against Forest River in which he alleged as follows:

> Mr. Stamey, who is presently 62 years 4 months of age, has been employed by Forest River since October 2007. He works in the Forest River's cargo trailer plant #16 located on Phillips Street in Elkhart, Indiana where he installs rough wiring. For the past 2 years, co- workers have insulted, taunted, and tormented Mr. Stamey on account of his age and on account of sex in violation of the ADEA and Title VIL This harassment, both verbal and non-verbal, has created a hostile work environment for him. Mr. Stamey has complained about the harassment to

  Forest River's management, including its Human Resources manager Wendy Tubicsak, but no remedy or resolution has occurred or has even been attempted. In April, 2018, management verbally reprimanded Mr. Stamey for taking his concerns to Ms. Tubicsak.

  **ANSWER:** Forest River admits that Stamey filed a Charge of Discrimination that contained the allegations in Paragraph No. 5 of Stamey's Complaint. Forest River denies the remaining allegations in Paragraph No. 5 of Stamey's Complaint.

  6. On November 5, 2018, Stamey filed with the EEOC his second Charge of Discrimination against Forest River in which he alleged as follows:

  On June 8, 2018, Mr. Stamey filed a Charge of Discrimination against Forest River. See Charge Number 470-2018-03031. Following its filing, Forest River subjected Mr. Stamey to daily verbal harassment, insults, and taunting that made his working conditions intolerable, causing his constructive discharge on August 10, 2018. Forest River retaliated against Mr. Stamey for filing the Charge and constructively discharged him.

  **ANSWER:** Forest River admits that Stamey filed a Charge of Discrimination that contained the allegations in Paragraph No. 6 of Stamey's Complaint. Forest River denies the remaining allegations in Paragraph No. 6 of Stamey's Complaint.

  7. While employed by Forest River, Stamey worked installing rough electrical wiring at Forest River's cargo trailer plant 16. He was an honest, hard working, punctual, and productive employee whose performance met his employer's reasonable expectations.

  **ANSWER:** Forest River denies the allegations in Paragraph No. 7 of Stamey's Complaint.

  8. The ADEA makes it unlawful for an employer to discriminate against an

employee with respect to his compensation, terms, conditions, and privileges of employment because of such individual's age. An employer is prohibited from retaliating against an employee for making a complaint about age discrimination. *Gomez-Perez v. Potter,* 533 U.S. 474, 487- 489 (2008).

**ANSWER:** Forest River lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph No. 8 of Stamey's Complaint.

9. Title VII makes it unlawful for an employer to discriminate against an employee on the basis of sex. An employer's practice of gender stereotyping falls within Title VII's prohibition against sex discrimination. See recently *Hively v. Ivy Tech Community College of Indiana,* 853 F3d 339 (7th Cir. 2017) *en banc,* citing *Price Waterhouse v. Hopkins,* 490 U.S. 228 (1989)(holding that female accountant who was denied partnership because her employer considered her too masculine stated a gender discrimination claim under Title VII).

**ANSWER:** Forest River lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph No. 9 of Stamey's Complaint.

10. Beginning in 2016 and continuing until his separation on August 10, 2018, Stamey's co-workers ridiculed and taunted him on account of his advanced age and for failing to fit the mold of what they believed a man should be. They taunted Stamey with age derogatory insults, both verbal and written, calling him "grandpa" "Walmart greeter" "old bitch" "grandma" and "one foot in the grave." On other occasions, co-workers berated Stamey for being effeminate and homosexual. Co-workers hid or disabled his tools; glued his work locker shut; sabotaged his work; and hung signs and wrote graffiti on his work locker, in his work area, and in the men's room, targeting him with gay slurs.

**ANSWER:** Forest River denies the allegations in Paragraph No. 10 of Stamey's Complaint.

11. Initially Stamey tried to weather this abuse, hoping that it would abate in frequency and intensity over time, but it did not. In the six months preceding his resignation, it escalated to a nearly daily ordeal. The taunting, slights, insults and acts of work sabotage created a hostile work environment for Stamey or at least he had a reasonable, good faith belief that they had done so.

**ANSWER:** Forest River denies the allegations in Paragraph No. 11 of Stamey's Complaint.

12. Stamey complained about the co-worker harassment to Forest River's management, including its Human Resources manager Wendy Tubicsak; its plant manager, Scott McDonald; and group leader Michael Brady but no remedy or resolution occurred or was even attempted. When plant manager Scott McDonald learned that

Stamey had expressed his concerns to HR Manager Tubicsak in April, 2018, McDonald angrily berated Stamey, telling him "you shouldn't have gone over my head." Forest River was deliberately indifferent to the harassment of Stamey and failed to take reasonable steps to eliminate it.

**ANSWER:** Forest River denies the allegations in Paragraph No. 12 of Stamey's Complaint.

13. Forest River committed unlawful retaliation against Stamey for engaging in activity protected under Title VII and the ADEA, including expressing his reasonable, good faith belief that he was being subjected to discrimination in the work place on the basis of his age and his sex by making his working conditions so intolerable that he had no other reasonable recourse but to resign his employment.

**ANSWER:** Forest River denies the allegations in Paragraph No. 13 of Stamey's Complaint.

14. Forest River acted with malice and or reckless indifference to Stamey's federally protected rights warranting an award of punitive damages;

**ANSWER:** Forest River denies the allegations in Paragraph No. 14 of Stamey's Complaint.

15. Stamey has had to retain legal counsel to prosecute this action;

**ANSWER:** Forest River lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph No. 15 of Stamey's Complaint.

16. Stamey has sustained damages as a direct and proximate result of Forest River's unlawful discrimination. His economic damages include wage loss and loss of health insurance coverage. His non-economic damages include mental and emotional pain and suffering , humiliation, and anxiety.

**ANSWER:** Forest River denies the allegations in Paragraph No. 16 of Stamey's Complaint.

WHEREFORE, the Plaintiff requests a judgment against Defendant in an amount to fairly compensate him including damages for back pay; front pay; loss of health insurance; general damages for mental pain and suffering, humiliation, and anxiety; punitive damages; costs; and reasonable attorney's fees.

**ANSWER:** Forest River denies that Stamey is entitled to any relief whatsoever. Forest River requests that Stamey take nothing by way of his Complaint, that the Court enter judgment in favor of Forest River and against Stamey on all of Stamey's claims, and that the Court award Forest River fees, costs, expenses, and all other just and proper relief.

## GENERAL DENIAL

Forest River denies any allegations in Stamey's Complaint to which Forest River has not responded.

**AFFIRMATIVE DEFENSES**

For its affirmative defenses to Stamey's Complaint, Forest River, by counsel, states:

1. Stamey has failed to state a claim upon which relief can be granted.

2. Stamey has failed to exhaust his administrative remedies as to some or all of his claims.

3. Stamey's complaint is barred, in whole or in part, because Forest River exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory conduct and because Stamey unreasonably failed to properly take advantage of any preventive or corrective opportunities provided by Forest River or to avoid harm otherwise.

4. Stamey has unreasonably failed to mitigate damages which he claims to have sustained as a result of any act or omission allegedly committed by Forest River. Even if Stamey's allegations were true (which they are not), Stamey did not take reasonable measures to mitigate any alleged harm and, therefore, his claim for damages fails.

5. Stamey's claim for punitive damages is barred because of Forest River's good faith efforts to comply with anti-discrimination laws. Forest River uniformly implemented and enforced policies and procedures designed to prevent unlawful discrimination, including on the basis of sex and age.

6. Stamey's claim for punitive damages is barred by or must be reduced because it violates the excessive fines clause, the equal protection clause, and the due process clause of the United States Constitution.

7. Forest River reserves the right to raise and plead additional defenses or affirmative defenses that become known to it during ongoing investigation or through

discovery.  Moreover, Forest River reserves the right to delete such portions of this responsive pleading at such time as it appears that such portions cannot be maintained in law or in fact.

Dated:  May 3, 2019                             Respectfully submitted,

/s/ Jesse M. Barrett
R. John Kuehn (22434-71)
Jesse M. Barrett (23811-71)
SouthBank Legal: LaDue|Curran|Kuehn
100 East Wayne Street, Suite 300
South Bend, Indiana  46601
(574) 968-0760 (telephone)
(574) 968-0761 (facsimile)
jkuehn@southbank.legal
jbarrett@southbank.legal

*Attorneys for Defendant*
*Forest River, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of May, 2019, service of a true and complete copy of the attached and foregoing pleading was made upon all counsel of record through CM/ECF filing.

/s/ Jesse M. Barrett  
Jesse M. Barrett (23811-71)
